# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael E. Hamm, | ) | Case No.: 9:16-cv-2960 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Ms. Holly Scaturo, Director; NFN Poholochck, Assistant Program Coordinator-BMC; NFN Helff, BMC; Dr. Gothard, Psychologist; NFN Jones, CM/CC; Captain Abney, Dept. of Public Safety; Bryant Morton, Supervisor Activity Therapy; NFN Haley, Governor of State of South Carolina; State of South Carolina Department of Mental Health,, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 43) recommending that this Court grant Defendants' motion for summary judgment (Dkt. No. 35) with respect to Plaintiff's claims under 42 U.S.C. § 1983 and remand Plaintiff's remaining state law claims to state court. For the reasons set forth below, this Court adopts the R. & R. (Dkt. No. 43) as the order of the Court. Defendants' motion for summary judgment (Dkt. No. 35) is granted as to Plaintiff's § 1983 claims. Plaintiff's state law claims are remanded to state court.

## I. Factual Summary

Plaintiff is civilly committed at the South Carolina Department of Mental Health pursuant to South Carolina's Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 et. seq. Plaintiff, proceeding *pro se*, claims that he has been subject to inadequate treatment (for several reasons, including that his treatment sessions were sometimes cancelled) and frequent lockdowns in

violation of 42 U.S.C. § 1983. Plaintiff also alleges state law claims for breach of contract and/or breach of trust. The Magistrate has provided a thorough summary of the facts of this case, so the Court need not repeat them in detail here. (Dkt. No. 43 at 2-9.)

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### III. Discussion

The Magistrate evaluated Plaintiff's allegations in detail and determined that Defendants are entitled to summary judgment on Plaintiff's constitutional claims. (Dkt. No. 10-18.) Plaintiff has filed Objections to the R. & R. in which he restates what he considers to be the constitutional questions he has raised and asks that his state claims be remanded to the lower court. (Dkt. No. 45.) The Court has reviewed these Objections and determined that they are not specific to the Magistrate's R. & R. For this reason, the Court need only satisfy itself that there is no clear error on the face of the record. The Court finds that the Magistrate has correctly applied the controlling law to the facts of this case.

### IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 43) as the order of the Court. Defendants' motion for summary judgment (Dkt. No. 35) is granted with respect to Plaintiff's claims arising under 42 U.S.C. § 1983. Plaintiff's remaining state law claims for breach of contract and/or breach of trust are remanded to the South Carolina Court of Common Pleas in Richland County.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 24, 2017
Charleston, South Carolina